# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANARD KITCHENS,<br><br>   Plaintiff,<br><br>   v.<br><br>TORDSEN, et al.<br><br>   Defendants.<br>_____/ | CASE NO. 1:12-cv-00105-AWI-MJS (PC)<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>(ECF No. 11)<br><br>PLAINTIFF MUST RESPOND BY MAY 25, 2012 |

Plaintiff Lanard Kitchens ("Plaintiff") is a California state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

The Court, on January 26, 2012, ordered Plaintiff to either consent or decline Magistrate Judge jurisdiction by March 1, 2012. (ECF No. 4.)  Plaintiff failed to respond. The Court on March 13, 2012, gave Plaintiff another opportunity and ordered him to either consent or decline Magistrate Judge jur25diction by April 16, 2012. (ECF No. 11.) April 16, 2012, has passed without Plaintiff either consenting or declining Magistrate Judge jurisdiction, or filing a request for an extension of time to do so.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's

failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff has not responded to the Court's March 13, 2012, Order. The Clerk's Office is ORDERED to send Plaintiff another order regarding consent or request for reassignment.

Plaintiff will be given one more opportunity, until **May 25, 2012**, **and no later**, to consent or decline Magistrate Judge jurisdiction or show cause why his case should not be dismissed for failure to comply with a Court order. **Failure to meet this deadline will result in dismissal of this action.**

IT IS SO ORDERED.

Dated:   May 11, 2012            /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE