1
2
3
4
5
6
7
8
9
10
11
12
13
14

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

LANARD KITCHENS,

                Plaintiff,

  v.

TORDSEN et al.,

            Defendants.

_____/

CASE NO.   1:12-cv-0105-AWI-MJS (PC)

ORDER DISMISSING PLAINTIFF'S
COMPLAINT WITH LEAVE TO AMEND

(ECF No. 1)

AMENDED COMPLAINT DUE WITHIN
THIRTY DAYS

15    Plaintiff Lanard Kitchens ("Plaintiff") is a state prisoner proceeding pro se in this civil
16 rights action pursuant to 42 U.S.C. § 1983.

17    Plaintiff initiated this action on January 24, 2012.  (Compl., ECF No. 1.)  No other
18 parties have appeared.  Plaintiff's Complaint is now before the Court for screening.

19 **I.    SCREENING REQUIREMENT**

20    The Court is required to screen complaints brought by prisoners seeking relief
21 against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
22 § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has
23 raised claims that are legally "frivolous or malicious," that fail to state a claim upon which
24 relief may be granted, or that seek monetary relief from a defendant who is immune from
25 such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion
26 thereof, that may have been paid, the court shall dismiss the case at any time if the court
27 determines that . . . the action or appeal . . . fails to state a claim upon which relief may be
28 granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1       A complaint must contain "a short and plain statement of the claim showing that the

2   pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are

3   not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

4   mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ____ U.S. ____, ____, 129

5   S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

6   Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is

7   plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555).

8   Facial plausibility demands more than the mere possibility that a defendant committed

9   misconduct and, while factual allegations are accepted as true, legal conclusions are not.

10  Id. at 1949-50.

11  **II.   PLAINTIFF'S CLAIMS**

12      Plaintiff brings this action for violations of his rights under the First Amendment,

13  Fourteenth Amendment, and Cal. Health & Safety Code § 120980. Plaintiff is currently

14  incarcerated at Wasco State Prison. He was previously incarcerated as a pretrial detainee

15  at Kings County Jail, where the alleged underlying events occurred. Plaintiff names the

16  following individuals as defendants: 1) Tordsen, Kings County Deputy Sheriff/ Correctional

17  Officer, 2) Senior Deputy Leach, Acting Shift Supervisor at Kings County Jail, 3) Deputy

18  Sheriff T. Day, Correctional Officer at Kings County Jail, and 4) Sergeant Coker, Shift

19  Supervisor at Kings County Jail.

20      His allegations, are as follows:

21      On December 29, 2010, Defendant Tordsen assigned Plaintiff to a cell that was

22  covered in feces. (Compl. at 8.) The cell had been covered in feces by its prior mentally-

23  disturbed occupant and was not cleaned before Plaintiff was transferred into the cell. (Id.)

24  Defendant Tordsen provided Plaintiff with glass cleaner and toilet paper to use to clean the

25  cell. (Id. at 9.) Usually workers, not inmates, clean the cells. (Id.) Plaintiff complained to

26  Defendant Tordsen about the situation but he refused to move Plaintiff, provide him with

27  a grievance form, or give him additional cleaning supplies. (Id. at 10.)

28      After Defendant Tordsen refused to move him, Plaintiff indicated he was suicidal

1  and asked to be transferred to Suicide Watch. (Compl. at 11-12.) Plaintiff only made this
2  request because he did not want to continue to stay in his assigned cell. (Id. at 11.)
3  Defendants Coker, Leach, and Day responded to Plaintiff's alarm. (Id.) They said Plaintiff
4  could either clean his assigned cell or go to Suicide Watch. (Id.) Defendants ultimately
5  escorted him to Suicide Watch and unlawfully withheld his prior commissary purchase. (Id.
6  at 12.) Plaintiff was removed from Suicide Watch the next day. (Id. at 13.)

7  Defendant Tordsen had Plaintiff returned to the filthy cell. (Compl. at 14.) Plaintiff
8  began cleaning the cell and during the process fell on the floor. (Id. at 15.) Plaintiff was
9  not treated for eight days and was ultimately found to have "facial paralysis." (Id.)

10  Defendant Tordsen subjected Plaintiff to cruel and unusual punishment by placing
11  him in the filthy cell and having Plaintiff clean it; Defendant Day subjected Plaintiff to cruel
12  and unusual punishment by placing him on Suicide Watch, not providing Plaintiff with his
13  commissary purchase, and not having Plaintiff's assigned cell cleaned; Defendants Coker
14  and Leach subjected Plaintiff to cruel and unusual punishment by allowing Defendant Day
15  to carry out his actions; and Defendants Tordsen, Coker, Leach, and Day retaliated against
16  Plaintiff by not providing him with grievance forms. (Compl. at 15-16.)

17  Plaintiff asks for declaratory relief, a preliminary and permanent injunction ordering
18  staff members to stop retaliating against Plaintiff and for a change of venue in his criminal
19  proceedings, $1,500,000 in compensatory damages against each Defendant, and a jury
20  trial.

21  **III.   ANALYSIS**

22  **A.   42 U.S.C. § 1983 Claims**

23  42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights,
24  privileges, or immunities secured by the Constitution and laws' of the United States."
25  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).
26  Section 1983 is not itself a source of substantive rights, but merely provides a method for
27  vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94
28  (1989).

1
2
3
4
5

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

6

**B.      Pre-Adjudication Detainees**

7
8

It appears that Plaintiff was a pre-trial detainee at the time that the underlying actions occurred.

9
10
11
12
13
14
15

"[C]ivil detainees retain greater liberty protections than individuals detained under criminal process, and pre-adjudication detainees retain greater liberty protections than convicted ones. . . ." Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004) (citations omitted). Treatment is presumptively punitive when a civil detainee is confined in conditions identical to, similar to, or more restrictive than his criminal counterparts, and when a pre-adjudication civil detainee is detained under conditions more restrictive than a post-adjudication civil detainee would face. Id. at 932-33.

16
17
18

Civil detainees "are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Youngberg v. Romeo, 457 U.S. 307, 322 (1982) (citation omitted).

19

**C.      Official Capacity**

20
21
22
23
24
25
26
27
28

As pled, Plaintiff cannot recover the relief he seeks in his Complaint.  Plaintiff explicitly states that all Defendants are named in their official capacities.  The Supreme Court has held that a suit against a state-employed individual in his official capacity is "no different from a suit against the State itself." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).  Because Defendants are employed by the State of California, to the extent that Plaintiff seeks monetary damages from Defendants in their official capacity, such claim is barred by the Eleventh Amendment. See Blaylock v. Schwinden, 862 F.2d 1352, 1353-54 (9th Cir. 1988).  Thus, Plaintiff cannot recover monetary damages as long as Defendants are named in their official capacities. If Plaintiff amends his Complaint, he

1   should only name Defendants in their individual capacities or omit any claim for monetary

2   damages.

3   **D.    First Amendment Claim**

4   Plaintiff alleges that the refusal of Defendants Tordsen, Coker, Leach, and Day

5   refused to provide him with grievance forms constituted unlawful retaliation against him

6   under the First Amendment.  A claim of retaliation for having exercised a First Amendment

7   right requires an inmate to have previously engaged in protected First Amendment activity.

8   Here Plaintiff alleges he was denied the ability to exercise his First Amendment rights.

9   Accordingly, his claim seems better characterized as a general First Amendment claim and

10  will be so analyzed here.

11  There is a First Amendment right to petition the government through prison

12  grievance procedures.  See Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009);

13  Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005).  However, there is also a general

14  requirement that there also be some kind of injury to state a cognizable claim.  See

15  Brodheim, 548 F.3d at 1269 (quoting Rhodes, 408 F.3d at 567-68) (prisoner must allege

16  that an adverse action taken in response to prisoner's protected First Amendment activity

17  had a chilling effect on prisoner's ability to exercise of his First Amendment rights); Lewis

18  v. Casey, 518 U.S. 343, 346-348 (1996) (recognizing a fundamental constitutional right of

19  access to the courts, but also requiring that plaintiff show he suffered from an actual injury).

20  Plaintiff alleges Defendants Tordsen, Coker, Leach and Day failed to provide him

21  with grievance forms during a two-day period.  Plaintiff does not explain whether he

22  ultimately suffered any loss or  injury from this failure.  Plaintiff has failed to state a First

23  Amendment claim related to Defendants' refusal to provide him with grievance forms.

24  Plaintiff will be given leave to amend this claim.  In his amended complaint he should

25  explain whether he suffered any adverse consequences  as a result of Defendants' failure

26  to provide him with grievance forms when he asked for them.

27  **E.    Conditions of Confinement**

28  Plaintiff alleges a cruel and unusual punishment claim against Defendants Tordsen,

Coker, Leach, and Day for unlawfully housing him in a cell covered with feces and making him clean the cell.

A determination whether Plaintiff's rights were violated requires "balancing of his liberty interests against the relevant state interests." Youngberg, 457 U.S. at 321. Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish," but the Constitution requires only that courts ensure that professional judgment was exercised. Youngberg, 457 U.S. at 321-22. A "decision, if made by a professional, is presumptively valid; liability may be imposed only when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 322-23; compare Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243-44 (9th Cir. 2010) (rejecting the Youngberg standard and applying the deliberate indifference standard to a pretrial detainee's right to medical care, and noting that pretrial detainees, who are confined to ensure presence at trial, are not similarly situated to those civilly committed).

Plaintiff alleges that Defendant Tordsen placed him in a cell covered in feces and told Plaintiff he was responsible for cleaning the cell. Plaintiff informed Defendants Coker, Leach, and Day about the situation but they refused to move Plaintiff to another, clean cell. They only gave Plaintiff the option of remaining in the filthy cell or moving to Suicide Watch. Defendant Tordsen also forced Plaintiff to remain in the dirty cell after he was removed from Suicide Watch.

All of these Defendants were aware of the allegedly unhygienic and unsafe conditions Plaintiff was placed in. None of these Defendants made any attempt to rectify the situation. They ultimately had Plaintiff clean the cell on his own without proper equipment or protective gear.

Plaintiff adequately alleges a jail condition that was as restrictive, and at times more restrictive, than conditions imposed upon criminal pretrial detainees and/or convicted criminals serving their jail sentences. The conditions were therefore presumptively

punitive.  <u>Jones</u>, 393 F.3d at 932.  However Plaintiff has only named Defendants' in their official capacity.  As the Court explained, Plaintiff cannot receive monetary damages from state officials like Defendants in their official capacities.  In order to receive his requested relief under this claim, Plaintiff must amend his pleadings and name the Defendants in their individual capacities.

**F.**    **California Health & Safety Code § 120980**

Plaintiff also alleges violations under Cal. Health & Safety Code § 120980.  (Compl. at 17.)

Cal. Health & Safety Code § 120980 deals with unauthorized disclosures of a Human Immunodeficiency Virus ("HIV") test.  Plaintiff has not alleged that there was any such test much less an unauthorized disclosure of such a test.  Plaintiff has failed to state a claim under this section.

**G.**    **Injunctive Relief**

Plaintiff seeks injunctive relief, requesting that staff members stop retaliating against him and provide him with a copy of his medical records.  (Compl. at 18.)  He also asks for a change of venue in his criminal proceedings.  (Compl. at 18.)

Injunctive relief is an "extraordinary remedy, never awarded as of right."  <u>Winter v. Natural Res. Defense Council</u>, 555 U.S. 7, 24 (2008).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  <u>Id.</u> (citing <u>Munaf v. Geren</u>, 553 U.S. 674, 689–90 (2008)).

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act ("PLRA") requires that any preliminary injunction "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a).

The Court does not have the jurisdiction to grant the requested relief.  Plaintiff asks

1   that unnamed individuals stop retaliating against him, that he be provided with medical

2   records, and that he have a change of venue in his criminal proceedings.  Plaintiff has not

3   linked specific defendants to these requests.   In addition, it appears this action was

4   initiated while Plaintiff was incarcerated at Kings County Jail against officials there for

5   actions occurring there.  This Court does not have jurisdiction over unnamed and unserved

6   individuals at Plaintiff's current prison, Wasco State Prison.  It has no authority to order any

7   such a person to act as Plaintiff requests even if such an order were otherwise proper.  It

8   is not.

9   **IV.   CONCLUSION AND ORDER**

10         Plaintiff's Complaint fails to state a claim upon which monetary relief may be granted

11   under § 1983.  The Court will provide Plaintiff with the opportunity to amend to cure the

12   deficiencies in his claim.  Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-

13   49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated

14   claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no

15   "buckshot" complaints).

16         Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state

17   what each named defendant did that led to the deprivation of Plaintiff's constitutional rights,

18   Iqbal, S. Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be

19   [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at

20   555 (citations omitted).

21         Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana,

22   Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.

23   1987), and it must be "complete in itself without reference to the prior or superceded

24   pleading," Local Rule 220.

25         Accordingly, it is HEREBY ORDERED that:

26         1.     The Clerk's Office shall send Plaintiff a complaint form;

27         2.     Plaintiff's Complaint, filed January 24, 2012, is dismissed for failure to state

28              a claim upon which Plaintiff's requested relief may be granted under § 1983;

3.      Within **thirty (30) days** from the date of service of this Order, Plaintiff shall file an amended complaint; and

4.      If Plaintiff fails to file an amended complaint in compliance with this Order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:    November 30, 2012            /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE