# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANARD KITCHENS | CASE NO.   1:12-cv-0105-AWI-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF |
| v. | |
| TORDSEN, et al., | (ECF No. 27) |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff Lanard Kitchens ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Before the Court is Plaintiff's motion for a preliminary injunction. (ECF No. 27.) Plaintiff asks that the Court order Atascadero State Hospital to comply with state regulations and provide him with a copy of his "Designated Case Record Set." (Id.)

Plaintiff's First Amended Complaint complains of constitutional violations at Kings County Jail. (ECF No. 26, 28, 30, 32.) It states a cognizable First Amendment claim against Defendant Tordsen for retaliation and a Fourteenth Amendment claim against Defendants Tordsen, Coker, Leach, and Day for subjecting Plaintiff to unconstitutional conditions of confinement. (Id.)

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a

plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff 'must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the Court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

Plaintiff's First Amended Complaint in this action alleges that defendants' violated his constitutional rights while he was incarcerated at Kings County Jail. (ECF No. 26.) That pleading defines the controversy before the Court in this case. The defendants here do not have any ties to Atascadero State Hospital. Plaintiff raises no claims against that hospital or about a failure to provide a "Designated Case Record Set." An order relating to documents at Atascadero State Hospital would not remedy the claim upon which this action proceeds. The Court therefore lacks jurisdiction to issue the order sought by Plaintiff.

Accordingly, for the reasons stated above the Court RECOMMENDS that Plaintiff's motion for a preliminary injunction (ECF No. 28) be DENIED without prejudice.

These findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time

may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 13, 2013              /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE