UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LANARD KITCHENS,

          Plaintiff,

    v.

TORDSEN, et al.,

          Defendants.

CASE NO. 1:12-cv-0105-AWI-MJS (PC)

**ORDER DENYING PLAINTIFF'S
REQUEST FOR ENTRY OF DEFAULT**

**(ECF No. 51)**

I.    **PROCEDURAL HISTORY**

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil

rights action brought pursuant to 42 U.S.C. § 1983. (ECF No. 1.) This matter proceeds

against Defendant Tordsen on Plaintiff's First Amendment retaliation claim, and against

Defendants Tordsen, Coker, Leach and Day on Plaintiff's Fourteenth Amendment claim

for subjecting Plaintiff to conditions of confinement that amounted to punishment.

(Second Screening Order, ECF No. 28.) The complaint concerns acts that occurred

while Plaintiff was a pretrial detainee at Kings County Jail.

      The U.S. Marshals Service mailed waivers of service of summons to Defendants

Tordsen, Coker, Leach, and Day on September 4, 2013. (ECF Nos. 44, 47, 54.) Coker,

Leach, and Day timely filed an answer to Plaintiff's complaint. (ECF No. 38.) On November 18, 2013, Plaintiff filed a request for entry of default as to Tordsen (ECF No. 45), which was denied without prejudice because the Court had not received evidence that Tordsen had been served. (ECF No. 46.) On December 2, 2013, Defendant Tordsen's waiver of service was returned executed, and Tordsen filed an answer to Plaintiff's complaint. (ECF Nos. 47, 48.)

Before the court is Plaintiff's December 9, 2013 request for entry of default as to Tordsen. (ECF No. 51.) Tordsen filed a response to this request. (ECF No. 52.)  The time to file reply documents has passed and none were filed. This matter is deemed submitted.

## II.    LEGAL STANDARD

Rule 55(a) of the Federal Rules of Civil Procedure requires that the Clerk of the Court enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."

## III.    ANALYSIS

Plaintiff requests entry of default on the ground that Tordsen did not file an answer or other responsive pleading. (ECF No. 51.)

Defendant concedes that his answer was not timely filed, but notes that it was filed prior to Plaintiff's request for entry of default. (ECF No. 52.) Accordingly, Tordsen argues, default may not be entered against him pursuant to Federal Rule of Civil Procedure 55(a). Tordsen attributes the delay in filing his answer to his "retirement and moving, and the fact he is involved in other litigation," which led to "some confusion as to whether he signed and returned the Waiver in this action." (ECF No. 52.) He argues that

2

there is no evidence his delay was intentional or caused by willful neglect  or that it

prejudiced the Plaintiff. (ECF No. 52.)

Defendant Tordsen filed his answer prior to Plaintiff's request for entry of default.

(ECF Nos. 47, 48, 51.) Although the answer was untimely, Tordsen has not "failed to

plead or otherwise defend" this action. Fed. R. Civ. P. 55(a). The Court finds no basis for

entering default against Defendant Tordsen under Rule 55(a).

**IV.    ORDER**

Accordingly, Plaintiff's request for entry of default (ECF No. 51) is DENIED.


IT IS SO ORDERED.

Dated:   <u>July 2, 2014</u>                    <u>/s/ *Michael J. Seng*</u>

UNITED STATES MAGISTRATE JUDGE

3