UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANARD KITCHENS,<br><br>        Plaintiff,<br><br>    v.<br><br>TORDSEN, et al.,<br><br>        Defendants. | CASE NO. 1:12-cv-0105-AWI-MJS (PC)<br><br>**ORDER (1) DENYING REQUEST FOR SUBPOENAS (ECF No. 59) AND (2) GRANTING IN PART MOTION TO COMPEL DISCOVERY (ECF No. 65)** |

**I.    PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 10.) This matter proceeds against Defendant Tordsen on Plaintiff's First Amendment retaliation claim, and against Defendants Tordsen, Coker, Leach and Day on Plaintiff's Fourteenth Amendment claim for subjecting Plaintiff to conditions of confinement that amounted to punishment. (ECF No. 28.) The complaint concerns acts that occurred while Plaintiff was a pretrial detainee at Kings County Jail.

Before the Court are Plaintiff's request for subpoenas (ECF No. 59) and motion to compel discovery (ECF No. 65).

## II.     PLAINTIFF'S CLAIMS

To put Plaintiff's discovery requests in context, the Court will briefly review his claims that were found to be cognizable. (See ECF No. 28.)

Plaintiff alleges essentially as follows:

Plaintiff was housed in the Secure Housing Unit of the Kings County Detention Center on December 29, 2010. Defendant Tordsen searched Plaintiff's cell, found damage to the cell, and had Plaintiff strip-searched. Plaintiff was handcuffed and transferred to another holding cell where he was kept for six hours. Plaintiff complained to Defendant Tordsen about the holding cell. In response, Defendant Tordsen placed Plaintiff in a cell covered with feces. Defendant Tordsen provided Plaintiff with minimal cleaning materials.

Plaintiff asked for a grievance form so he could complain about the cell, but Defendant Tordsen refused to provide him with one.

Plaintiff threatened to commit suicide if he was not removed from the cell. Defendants Coker, Leach, and Day responded to Plaintiff's threat. Defendant Day gave Plaintiff the option of either cleaning the cell or being placed on suicide watch. Plaintiff chose to be placed on suicide watch, and was placed on suicide watch for the night.

Plaintiff was returned to Defendant Tordsen's custody and to the filthy cell the following day. Plaintiff continued to clean the cell with limited supplies. While cleaning, he slipped and injured his head. Plaintiff started to experience facial numbness, became concerned about brain damage, and decided to slit his wrists.

Plaintiff was later diagnosed with facial paralysis and a back injury.

## III.    DISCOVERY SUBPOENA

Plaintiff seeks a subpoena to obtain the following documents from Atascadero State Hospital: (1) Plaintiff's 2011 booking photos, (2) the booking sheet showing the 2010/2011 booking and release of Terry W. Moore, and (3) "[a]ll police reports forwarded to Ata[s]cadero State Hospital during the PC1370 process for the treatment and

1   evaluation of [Plaintiff] in 2011." (ECF No. 59.) Plaintiff states that these documents are
2   not in the possession of Defendants. Defendants did not respond to the request.

3   **A.    Legal Standard**

4   Pro se parties may be entitled to the issuance of a subpoena commanding the
5   production of documents from a nonparty, subject to certain requirements. Fed. R. Civ.
6   P. 26(b), 34(c), 45. The Court will consider granting such a request only if the documents
7   sought from the nonparty are not equally available to Plaintiff and are not obtainable
8   from Defendant through a request for the production. See Fed. R. Civ. P. 34. If
9   Defendant objects to Plaintiff's discovery request, a motion to compel is the next
10  required step. If the Court rules that the documents are discoverable but Defendant does
11  not have care, custody, and control of them, Plaintiff may then seek a subpoena of a
12  nonparty. Alternatively, if the Court rules that the documents are not discoverable, the
13  inquiry ends.

14  The Court will not issue a subpoena for a nonparty without Plaintiff first following
15  the procedure outlined above. The record does not indicate whether Plaintiff has sought
16  the requested information through discovery requests served upon Defendants, but
17  Plaintiff certainly has not filed a motion to compel Defendants to produce the requested
18  documents. Although Plaintiff alleges that the documents are not in Defendants'
19  possession, it appears, as discussed below, that at least some of Plaintiff's concerns
20  could have been resolved through discovery requests directed at Defendants.
21  Accordingly, Plaintiff's motion for subpoenas duces tecum will be denied on this basis.
22  Additional reasons for denying each request are discussed below.

23  **B.    Booking Photographs**

24  Plaintiff asserts that he needs his booking photographs from Atascadero State
25  Hospital to respond to Defendants' request for production of documents, in which
26  Defendants requested "any and all photos" relating to Plaintiff's injuries. (ECF No. 59 at
27  1-2.)

28

Plaintiff is only required to produce items that are in his possession, custody, or control. Fed. R. Civ. P. 34(a)(1). He is not required to subpoena documents or things in order to respond to a discovery request. The Court will not issue a subpoena for Plaintiff to obtain photographs to respond to Defendants' requests.

### C.    Information Relating to Terry Moore

Plaintiff asserts that he needs the booking sheet from Atascadero State Hospital to show that inmate Terry Moore was in the Hospital and not at the Kings County Jail on December 29 and 30, 2010, the dates of the events at issue in this case. (ECF No. 59 at 2-4.) Plaintiff asserts that the booking sheet will demonstrate there was a vacant cell available that Plaintiff could have been moved to. Plaintiff also asserts that Defendants provided him with an Inmate Housing List for the dates at issue and it falsely showed that Mr. Moore was housed at Kings County Jail, not at the Hospital. The booking sheet therefore will show that Defendants' records were falsified.

As discussed below in relation to Plaintiff's motion to compel, Defendants dispute that the documents they produced were falsified. Indeed, Defendants <u>agree</u> that Mr. Moore was at the Hospital on December 29, 2010, and assert that he returned to the jail on December 30. Defendants also assert that the documents they produced accurately reflect this information. Based on Defendants' agreement that Mr. Moore was at the Hospital on December 29 and part of December 30, it is apparent that Plaintiff could have satisfied his need for further information regarding Mr. Moore's whereabouts through a request for admission. It appears he did not do so; however, this is not a basis for the Court to issue a subpoena.

### D.    Police Reports

Plaintiff seeks police reports that allegedly were forwarded to Atascadero State Hospital. (ECF No. 59 at 4-5.) He states that he requested these documents from Defendants and that Defendants provided reports that Plaintiff believes were falsified. Plaintiff believes the Hospital has unaltered copies of the police reports.

4

Plaintiff does not explain why or how he believes the police reports were falsified, nor why he believes the Hospital will have copies of the reports. The Court will not issue a subpoena based on Plaintiff's speculation.

Based on the foregoing, the Court will deny Plaintiff's request for subpoenas.

## IV. MOTION TO COMPEL

Plaintiff asserts that Defendants did not fully respond to his interrogatories, requests for admission, and requests for production of documents. (ECF No. 65.) Defendants oppose the motion on the ground that Plaintiff cited no legal authority for his position, did not address Defendants' objections to his requests, and Defendants have already responded to the requests to the fullest extent possible. (ECF No. 68.)

Having considered the motion (ECF No. 65), Defendants' opposition (ECF No. 68), Plaintiff's reply (ECF No. 71), and the relevant discovery requests and responses, the Court rules as follows.

### A. Request for Admission No. 4

#### 1. Request:

Admit that medical staff members do not have keys in which they can enter the security housing unit without being escorted by a deputy or higher ranking officer.

#### 2. Response:

This request for admission is objected to on the grounds that it is vague and ambiguous, specifically the terms "medical staff members" and "escorted." It is also vague with respect to time and is compound. Further it is an incomplete hypothetical. This request also seeks information that is not relevant to the subject matter of this lawsuit, nor is it likely to lead to the discovery of admissible evidence.

Without waiving said objections, responding defendant denies that at the time of the events described in Plaintiff's Amended Complaint, medical staff members did not have keys allowing them to enter the security housing unit.

#### 3. Analysis and Ruling:

Plaintiff argues that Defendants failed to answer whether medical staff members could enter the security housing unit without an officer being present. (ECF No. 65 at 1.)

Defendants argue that Plaintiff did not address Defendants' objections, particularly the objection regarding relevancy. (ECF No. 68 at 2.) In any event, Defendants offer the following further response: "Defendants further respond that generally medical staff does not enter the actual housing area of the SHU without being escorted by a deputy." (ECF No. 68 at 2.)

Defendants' objection based on relevancy is sustained. Plaintiff has not shown why the escort of medical staff in the SHU is relevant to his claims. Additionally, in light of Defendants' further response, Plaintiff's motion to compel as to this request is moot and will be denied.

**B.    Request for Admission No. 8**

**1.    Request**

Admit that there is a 1:30 p.m. "head count" conducted at the Kings County Jail on a daily basis.

**2.    Response**

This request is objected to on the grounds it is vague and ambiguous with respect to the term "head count." Further, it is vague as to time. This request also seeks information that is not relevant to the subject matter of this lawsuit, nor is it likely to lead to the discovery of admissible evidence.

Without waiving said objections, responding defendant admits that there is a safety check conducted in the housing units of the Kings County Jail between the hours of 1:00 p.m. and 2:00 p.m.

**3.    Analysis and Ruling**

Plaintiff argues that Defendants' response is vague and incomplete because Defendants did not admit that the safety check occurs precisely at 1:30 p.m. (ECF No. 65 at 2.) Defendants respond that they cannot admit that the safety check occurs exactly at 1:30 p.m. because this is not always true. (ECF No. 68 at 2.)

6

The Court concludes that Defendants' response "fairly responds to the substance of the matter," and that Defendants' qualified response was made in good faith. Fed. R. Civ. P. 36(a)(4). Although Plaintiff is dissatisfied with the response, this is not a basis for compelling a further response from Defendants.

### C. Interrogatories

#### 1. Interrogatory No. 9

Notwithstanding cells B86 and B91, were there any vacant cells in Pod B6 on 12-29-10?

#### 2. Response to Interrogatory No. 9

This interrogatory is objected to on the grounds that it calls for speculation. It also assumes as fact without any basis that Cells B86 and B91 were vacant.

Without waiving said objections, responding defendant has no knowledge of whether there were vacant cells inside Pod B-6 on December 29, 2010.

#### 3. Interrogatory No. 10

Notwithstanding cells b86 and B91, were there any vacant cells in Pod B6 on 12-29-10?

#### 4. Response to Interrogatory No. 10

This interrogatory is objected to on the grounds that it calls for speculation. It also assumes as fact without any basis that Cells B86 and B91 were vacant.

Without waiving said objections, responding defendant has no knowledge of whether there were vacant cells inside Pod B-6 on December 29, 2010.

#### 5. Analysis and Ruling

Plaintiff argues that Defendants' response is deficient because the information requested can be accessed via the jail's computer database. (ECF No. 65 at 2-3.) Defendants argue that they have no independent recollection whether there were empty cells in this area on the date in question. However, they agree that the information can be accessed from the jail's database, and state that they provided a report from this

database in response to Plaintiff's Request for Production of Documents (Set One), discussed below. According to Defendants, by providing the report in response to the request for production of documents, they fully responded to Plaintiff's interrogatory.

A party may respond to an interrogatory by producing business records if "the burden of deriving or ascertaining the answer will be substantially the same for either party" and the responding party specifies the records that must be reviewed. Fed. R. Civ. P. 33(d). Here, however, Defendants' responses to Interrogatories 9 and 10 did not refer Plaintiff to any specific records. That Defendants produced documents related to Plaintiff's inquiry in response to a separate discovery request does not fulfill Defendants' obligation to respond to these interrogatories. Additionally, the documents produced were not self-explanatory and, thus, the burden of ascertaining an answer was not substantially the same for both parties. Indeed, Defendants claim that Plaintiff has misread the documents. However, Plaintiff's reading of these documents, and his related claim that they are falsified, has resulted in this motion to compel, the request for subpoenas discussed above, and also a motion for leave to amend the complaint to add allegations relating to alleged discovery misconduct in this case.[1] The confusion regarding whether Mr. Moore's cell was vacant likely could have been avoided had Defendants fully responded to this interrogatory.

Defendants admit that the information requested is readily available to them upon a reasonable inquiry, but they have not directly answered Plaintiff's interrogatory. Defendants' objections are overruled, and Defendants are ordered to provide a further response to Interrogatories 9 and 10 within thirty days.

**D.    Request for Production No. 1**

**1.    Request**

Inmate Housing List for Pod B-6 from the following dates:

---

[1] The Court will address Plaintiff's motion for leave to file an amended complaint in a separate order.

> December 4, 2010; December 29, 2010; December 30, 2010; February 1, 2011; February 3, 2011; February 14, 2011; February 16, 2011; March 3, 2011; March 5, 2011; April 12, 2011; April 1, 2011; April 14, 2011; May 23, 2011; May 28, 2011; June 8, 2011, June 29, 2010; August 11, 2011; August 13, 2011; February 6, 2012; May 20, 2011; August 11, 2011; August 13, 2011.
>
> Note: The above requested documents must include inmate's Names and Cell Numbers. Also known as "Daily Movement Sheet."

### 2.   Response

> This request is objected to on the grounds that it seeks documents that are not relevant to the subject matter of the lawsuit, nor are they likely to lead to the discovery of admissible evidence. This request is also overbroad and unduly burdensome. It also violates the privacy rights of the inmates of the Kings County Jail.
>
> Without waiving said objection, see Exhibit 1, the B6 pod Daily Population Reports for December 29 and 30, 2010.

### 3.   Analysis and Ruling

Plaintiff argues that he needs the Daily Population Reports for all of the dates he requested in order to identify "potential inmate-witnesses who, unlike the plaintiff, were allowed to freely relocate from one cell to another." (ECF No. 65 at 3-5.) He also needs the records to demonstrate that cell moves took place frequently during his detention, which would indicate that his retention in cell B86 was malicious. Plaintiff also asserts that the Daily Population Reports provided by Defendants for December 29 and 30, 2010, were falsified to make it appear that inmate Terry Moore was housed in cell B93, when he actually was at Atascadero State Hospital. Plaintiff further alleges that Defendants redacted arrest and release dates for inmates in order to conceal the fact that Terry Moore was not housed in cell B93. Plaintiff seeks copies of the Daily Population Reports for all 22 dates, as well as unredacted copies of the reports for the two days he has already received.

Defendants point out that the events at issue in this case occurred on December 29 and 30, 2010, and that the Daily Population Reports for those dates have been provided. Defendants maintain that the reports for the remaining dates are not relevant. Defendants deny that the reports provided to Plaintiff were illegally altered, and assert that Plaintiff has misread the documents. According to Defendants, the Daily Population Reports show that Terry Moore was "Stored Out," meaning out of the jail, on December 29, 2010, and assert that he returned to the jail in the afternoon of December 30, 2010. Defendants agree that Mr. Moore was at Atascadero State Hospital on December 29 and part of December 30. Finally, Defendants state that they redacted the following irrelevant information from the reports in order to protect inmate privacy: age, date of birth, booking date, release date, booking number, and master identification number.

In reply, Plaintiff asserts that the database containing inmate housing information should allow Defendants to run more targeted reports that would omit inmates who are "Stored Out." (ECF No. 71.) Plaintiff argues that including "Stored Out" inmates gives the false impression that cells are being held for those inmates, when the cells actually are vacant. Plaintiff also argues that unredacted reports will show that Defendants responded to his discovery requests in bad faith, a claim Plaintiff proposes to add to this litigation in his motion for leave to file an amended complaint. (ECF No. 63.)

Defendants' objection based on relevancy is sustained. Plaintiff's request for Daily Population Reports on apparently random dates unrelated to the events at issue here does not appear reasonably calculated to lead to relevant evidence. Additionally, Defendants provided Plaintiff with reports showing inmates' names and cell numbers for December 29 and 30, 2010. They are not required to manipulate those reports or create new reports that present that information in a manner more favorable to Plaintiff. Plaintiff's apparent request that Defendants be required to provide other reports concerning the occupancy of Pod B6 will be denied. Finally, Plaintiff has not shown why unredacted copies of the reports would be significant. Even if Plaintiff is permitted to

proceed on his claim, raised in his proposed amended complaint, that Defendants acted in bad faith during the discovery process in this case, the redacted information – inmates' ages, dates of birth, booking dates, release dates, booking numbers, and master identification numbers – would not be relevant to those claims. Accordingly, the Court will not compel a further response to Request for Production No. 1.

## V. CONCLUSION AND ORDER

Based on the foregoing, the Court HEREBY ORDERS as follows:

1. Plaintiff's motion for subpoenas (ECF No. 59) is DENIED;
2. Plaintiff's motion to compel (ECF No. 65) is GRANTED IN PART AND DENIED IN PART; and
3. Defendants are ordered to make a further response to Interrogatories No. 9 and 10 within thirty (30) days.

IT IS SO ORDERED.

Dated: September 5, 2014          /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE

11