UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANARD KITCHENS,<br><br>        Plaintiff,<br><br>    v.<br><br>TORDSEN, et al.,<br><br>        Defendants. | CASE NO. 1:12-cv-0105-AWI-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR SUBPOENAS**<br><br>**(ECF No. 76)** |

**I.    PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 10). This matter proceeds against Defendant Tordsen on Plaintiff's First Amendment retaliation claim, and against Defendants Tordsen, Coker, Leach and Day on Plaintiff's Fourteenth Amendment claim for subjecting Plaintiff to conditions of confinement that amounted to punishment. (ECF No. 28). The complaint concerns acts that occurred while Plaintiff was a pretrial detainee at Kings County Jail.

Before the Court is Plaintiff's "Request for Judicial Intervention," in substance, a request for subpoenas. (ECF No. 76).

**II.    PLAINTIFF'S CLAIMS**

To put Plaintiff's discovery requests in context, the Court will briefly review his cognizable claims. (See ECF No. 28). Plaintiff alleges essentially as follows:

Plaintiff was housed in the Secure Housing Unit of the Kings County Detention Center on December 29, 2010. Defendant Tordsen searched Plaintiff's cell, found damage to the cell, and had Plaintiff strip-searched. Plaintiff was handcuffed and transferred to another holding cell where he was kept for six hours. Plaintiff complained to Defendant Tordsen about the holding cell. In response, Defendant Tordsen placed Plaintiff in a cell covered with feces. Defendant Tordsen provided Plaintiff with minimal cleaning materials.

Plaintiff asked for a grievance form so he could complain about the cell, but Defendant Tordsen refused to provide him with one.

Plaintiff threatened to commit suicide if he was not removed from the cell. Defendants Coker, Leach, and Day responded to Plaintiff's threat. Defendant Day gave Plaintiff the option of either cleaning the cell or being placed on suicide watch. Plaintiff chose to be placed on suicide watch, and was placed on suicide watch for the night.

Plaintiff was returned to Defendant Tordsen's custody and to the filthy cell the following day. Plaintiff continued to clean the cell with limited supplies. While cleaning, he slipped and injured his head. Plaintiff started to experience facial numbness, became concerned about brain damage, and decided to slit his wrists.

Plaintiff was later diagnosed with facial paralysis and a back injury.

**III.    ANALYSIS**

Plaintiff requests the Court to order California Forensic Medical Group (CFMG), a non-party, to 1) authenticate medical records that Plaintiff intends to use as evidence; 2) provide the full names, addresses, and daytime phone numbers of 6 non-defendant CFMG employees "who provided care, treatment and information for" Plaintiff's injuries; and 3) provide the work schedule listing which CFMG employees were on duty at the

Kings County Jail on six listed dates. For the reasons that follow, the Court will deny Plaintiff's requests.

### A.     Availability of Discovery Against Non-Parties

"While discovery is a valuable right and should not be unnecessarily restricted, the 'necessary' restriction may be broader when a nonparty is the target of discovery." Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc., 649 F.2d 646, 649 (9th Cir. 1980); accord Soto v. Castlerock Farming and Transp., Inc., 282 F.R.D. 492, 506 (E.D. Cal. 2012).  Thus, a party may not generally propound a request for admission or production on a non-party. Fed. R. Civ. P. 34(a)(1); 36(a)(1); see also, e.g., In re Liu, 282 B.R. 904, 909 (Bankr. C.D. Cal. 2002).  Rather, the proper means of obtaining information from a non-party is through a subpoena. Fed. R. Civ. P. 34(c), 45.  Rule 45 permits the issuance of a subpoena to: "command each person to whom it is directed to… attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody or control; or permit the inspection of premises."

A *pro se* Plaintiff's ability to obtain a subpoena commanding the production of documents from a non-party is subject to certain requirements. Fed. R. Civ. P. 26(b), 34(c), 45. The Court will only consider issuing a subpoena if the documents sought from the non-party are not otherwise available to Plaintiff and cannot be obtained from Defendant through a request for the production. See Fed. R. Civ. P. 34; see also, e.g., Amini Innovation Corp. v. McFerran Home Furnishings, Inc., 300 F.R.D. 406, 412 (C.D. Cal. 2014)(quashing subpoena where party already had the information and/or the opportunity to obtain it). If Defendant objects to Plaintiff's discovery request, Plaintiff must next file a motion to compel. Fed R. Civ. P. 37(a).  Only if the Court rules that the

documents are discoverable, but that Defendant does not have care, custody, and control of them, may Plaintiff then seek to subpoena a non-party. Additionally, as with all discovery requests, the Plaintiff's right to subpoena information is limited by Rule 26(b); that is, he is only entitled to obtain "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  The Court will not issue a subpoena for a non-party unless Plaintiff has followed the above procedure and the information he seeks falls within the scope of 26(b).

### B.    Authentication of Evidence

The authentication of evidence is a separate, if at times overlapping, issue.  Fed. R. Evid. 901 and 902 set forth a number of ways that evidence can be authenticated and list categories of evidence that is self-authenticating.  In addition, documents produced in discovery by one party may be deemed authenticated when offered by a party-opponent, at least when there is no dispute as to their genuineness. Orr v. Bank of America, 285 F.3d 764, 777 n. 20 (9th Cir. 2002); Maljack Prod., Inc. v. GoodTimes Home Video Corp., 81 F.3d 881, 889 n. 12 (9th Cir. 1996); Coal. for a Sustainable Delta v. McCamman, 725 F.Supp.2d 1162, 1180 (E.D. Cal. 2010).  However, Plaintiff may also authenticate evidence by requesting Defendant to admit a particular document's authenticity in a request for admission. See, e.g., Safeco of America v. Rawstron, 181 F.R.D. 441, 446 (C.D. Cal. 1998)("if an admission as to the authenticity of a document is sought, what the propounding party really wants to know [is] whether it must be prepared to prove that the document is authentic at the time of trial, or whether the responding party will essentially stipulate that such effort will not be necessary").  Similarly, outside of the discovery process, Plaintiff may simply request that Defendant stipulate to a document's authenticity.  However, because of the narrower scope of discovery against

non-parties, Plaintiff may not request a non-party to authenticate a document through either a request for admission or a subpoena.

### C. Plaintiff's Subpoena Requests

Here, the record does not indicate whether Plaintiff requested the three categories of information at issue here from Defendants during discovery. However, Plaintiff did not move to compel Defendant's production of this information. (See ECF No. 65)(motion to compel filed on other grounds). Several months before the discovery period ended, the Court advised Plaintiff of the proper procedure for obtaining subpoenas. (ECF No. 73). Discovery was extended for several months, and Plaintiff had ample time to make his requests of Defendants, but did not.

### 1) Authentication of Plaintiff's Medical Records.

Plaintiff asks the Court to order CFMG to authenticate his medical records, alleging that he has made several attempts to contact CFMG himself for this purpose, and that the agency "has refused to respond to any of Plaintiff's letters or requests." However, as explained above, Plaintiff may not serve a subpoena requiring a non-party to authenticate a document. See Fed. R. Civ. P. 45(a)(1)(A)(iii). Plaintiff could have requested authentication from Defendants during discovery. However, there is no indication he did so, nor did he file a motion to compel prior to the discovery cut-off. Plaintiff may still request that Defendants stipulate to the records' authenticity. If Defendants refuse, however, Plaintiff may not then move to compel. Plaintiff may also still authenticate the documents himself, through any of the methods listed in Fed. R. Evid. 901 (e.g., by calling the health care providers to testify). Accordingly, the Court will deny Plaintiff's request to subpoena CFMG to authenticate his health records.

### 2) Contact Information of Non-Defendant CFMG Employees

Plaintiff asks the Court to order CFMG to produce the contact information of six medical personnel who are not defendants in the current action. Plaintiff tried to add three of these individuals as defendants in an amended complaint, but his attempt was denied. (ECF No. 74). He not demonstrated why he needs these individuals' contact information to support his present case. Therefore, the court will deny Plaintiff's request as irrelevant.

### 3) Work Schedules at King's County Jail

Plaintiff asks the Court to order CFMG to produce the work schedules of its employees at Kings County Jail on six listed dates. The conduct that forms the basis of Plaintiff's claims allegedly occurred on two of these dates – December 29 and 30, 2010. Plaintiff has not indicated what events occurred on the other four dates. Thus, to the extent that Plaintiff requests staff schedules for dates unrelated to his claims, the Court will deny his request based on relevance. As for the remaining two dates, again, Plaintiff could have requested this information in discovery from Defendants; if they objected, Plaintiff could have filed a motion to compel. Because he apparently did neither, his request for a subpoena will be denied.

## V.   CONCLUSION AND ORDER

Based on the foregoing, the Court HEREBY DENIES Plaintiff's motion for subpoenas (ECF No. 76).

IT IS SO ORDERED.

Dated:   March 4, 2015          /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE